IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 12-cv-02164-PAB-KLM

CITY OF DANIA BEACH POLICE & FIREFIGHTERS' RETIREMENT SYSTEM,
Individually and on Behalf of All Others Similarly Situated,

    Plaintiff,

v.

CHIPOTLE MEXICAN GRILL, INC.,
STEVE ELLS,
MONTGOMERY F. MORAN, and
JOHN R. HARTUNG,

    Defendants.

---

## ORDER
---

This matter is before the Court on the Stipulation and [Proposed] Order for Consolidation and for Appointment of Co-Lead Plaintiffs and Co-Lead Counsel [Docket No. 42] filed on April 8, 2013 by plaintiffs Inter-Local Pension Fund of the Graphic Communications Conference of the International Brotherhood of Teamsters ("Inter-Local") and Jean-Marc Daucourt.

Inter-Local is a plaintiff in the instant case, filed on August 16, 2012, in which it seeks to represent all purchasers of common stock of Chipotle Mexican Grill, Inc. ("Chipotle") from February 1, 2012 through July 19, 2012 ("the class period"). Docket No. 42 at 1-2. Mr. Daucourt is a plaintiff in a different case brought on behalf of the same putative class. *See Kim v. Chipotle Mexican Grill, Inc.*, No. 12-cv-02193 (D. Colo. Aug. 17, 2012). Both cases were filed against defendants Chipotle and several of its

officers and directors (Steve Ells, Montgomery F. Moran, and John R. Hartung). Docket No. 42 at 3, ¶ 1.

Inter-Local alleges that, during the class period, defendants issued materially false and misleading statements, artificially inflating the value at which its stock traded and violating the Securities and Exchange Act of 1934. Docket No. 1 at 2-3, 14-15, ¶¶ 3-4, 44-49; *see* 15 U.S.C. §§ 78j(b), 78t(a); 17 C.F.R. § 240.10b-5. Inter-Local further alleges that it purchased stock at the elevated price, which it would not have done had it known that defendants' misleading statements distorted the market. Docket No. 1 at 15, ¶ 47. Specifically, it alleges that it purchased 640 shares of Chipotle stock on July 12, 2012. Docket No. 31-1. Mr. Daucourt alleges that he purchased 250 shares of Chipotle stock on May 4, 2012. Docket No. 23-3.

Inter-Local and Mr. Daucourt stipulate to the consolidation of the two cases, to their joint appointment as co-lead plaintiffs, and to the appointment of the law firms of Spector Roseman Kodroff & Willis, P.C. and Glancy, Binkow & Goldberg LLP as co-lead counsel. Docket No. 42 at 5-6, ¶¶ 7-13. The defendants who have thus far entered an appearance in these cases do not object to either consolidation or to the appointment of co-lead plaintiffs.

## I. CONSOLIDATION

Rule 42(a) of the Federal Rules of Civil Procedure provides that "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." FED. R. CIV. P. 42(a)(2). The decision whether to consolidate actions involving common questions of law or fact is committed to the sound discretion of the district court. *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978). The

purpose of Rule 42(a) is "to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." *Breaux v. American Family Mut. Ins. Co.*, 220 F.R.D. 366, 367 (D. Colo. 2004) (quoting 9 C. WRIGHT & A. MILLER, FEDERAL PRACTICE & PROCEDURE § 2381 at 427 (2nd ed. 1995)).  Therefore, the Court will consider both judicial economy and fairness to the parties in exercising its discretion under Rule 42(a).  *See Harris v. Illinois-California Express, Inc.*, 687 F.2d 1361, 1368 (10th Cir. 1982).

Both of the cases in question were filed against the same four defendants, concern the same facts, and seek to answer the same question: whether defendants made materially false and misleading statements regarding Chipotle that caused harm to plaintiffs.  *See* Docket No. 1 at 2; *Kim*, No. 12-cv-02193, Docket No. 1.  Both plaintiffs agree that consolidation is appropriate.  *See* Docket No. 19; Docket No. 23 at 5. Additionally, the cases were filed within one day of each other and the present case is the lower numbered case.  Therefore, because the cases involve common questions of law and fact, *City of Dania Beach Police & Firefighters' Retirement System v. Chipotle Mexican Grill, Inc.*, 12-cv-2164-PAB-KLM, and *Kim v. Chipotle Mexican Grill, Inc.*, 12-cv-2193-PAB-KLM, shall be consolidated.

## II. APPOINTMENT OF CO-LEAD PLAINTIFFS AND CO-LEAD COUNSEL

The Private Securities Litigation Reform Act ("PSLRA") creates a rebuttable presumption that the most adequate plaintiff is the person or group that:

>   (aa) has either filed the complaint or made a motion in response to a notice
>   under subparagraph (A)(i);

> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). In deciding a motion to appoint lead plaintiff, courts generally limit their inquiry under Federal Rule of Civil Procedure 23 to the typicality and adequacy prongs.[1] *See In re Ribozyme Pharm., Inc. Sec. Litig.*, 192 F.R.D. 656, 658 (D. Colo. 2000). "Typicality exists where the injury and the conduct are sufficiently similar." *Id*. (internal citations omitted). "The [Private Securities Litigation Reform Act, *see* 15 U.S.C. § 78u-4] directs courts to limit [their] inquiry regarding adequacy to the existence of any conflicts between the interests of the proposed lead plaintiffs and the members of the class." *Id*. at 659. The presumption established by the PSLRA may be rebutted by a showing that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(bb).

"The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should

---

[1] Federal Rule of Civil Procedure 23 provides that a party may sue as a representative of a class only if:

> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

only disturb the lead plaintiff's choice of counsel where necessary to "fairly and adequately protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

In this case, there is no dispute that the parties both meet the first condition under the PSLRA, 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa). The second condition is not relevant since there is no need to decide between the parties. Thus, the Court need only consider whether the parties satisfy the requirements of Rule 23.

The typicality requirement is met in this instance because both plaintiffs allege that they have suffered the same injury as the class members they seek to represent, namely, that they purchased Chipotle common stock at a price inflated by Chipotle's false misrepresentations. *See In re Ribozyme*, 192 F.R.D. at 658. The adequacy prong is satisfied as there is no indication that either plaintiff has a conflict of interest with the other class members. *See id*. at 659. No party has objected to the parties' appointment as co-lead plaintiffs or sought to rebut the presumption established by the PSLRA.

Finally, counsel selected by Inter-Local and Mr. Daucourt are "qualified, experienced and able to vigorously conduct the proposed litigation." *See In re Ribozyme*, 192 F.R.D. at 659. Both firms specialize in private securities litigation and have represented plaintiffs in similar cases. *See* Docket No. 21-3; *see also Kim*, No. 12-cv-2193, Docket No. 22-3 at 2-5.

For the foregoing reasons, it is

**ORDERED** that, pursuant to Fed. R. Civ. P. 42(a) and D.C.COLO.LCivR 42.1, Civil Action Nos. 12-cv-02164-PAB-KLM and 12-cv-02193-PAB-KLM shall be

consolidated for all purposes.  It is further

**ORDERED** that, as of the date of this Order, all future pleadings and other filings shall be filed in this case only and shall be captioned as shown below:

---

Civil Action No. 12-cv-02164-PAB-KLM
    (Consolidated with Civil Action No. 12-cv-02193-PAB-KLM)

---

Civil Action No. 12-cv-02164-PAB-KLM

CITY OF DANIA BEACH POLICE & FIREFIGHTERS' RETIREMENT SYSTEM,
individually and on behalf of all others similarly situated,

    Plaintiff,

v.

CHIPOTLE MEXICAN GRILL, INC.,
STEVE ELLS,
MONTGOMERY F. MORAN, and
JOHN R. HARTUNG,

    Defendants.

---

Civil Action No. 12-cv-02193-PAB-KLM

SONIA Y. KIM, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

CHIPOTLE MEXICAN GRILL, INC.,
STEVE ELLS,
MONTGOMERY F. MORAN, and
JOHN R. HARTUNG,

    Defendants.

---

    It is further

**ORDERED** that the Stipulation and [Proposed] Order for Consolidation and for Appointment of Co-Lead Plaintiffs and Co-Lead Counsel [Docket No. 42] is ACCEPTED.  It is further

**ORDERED** that plaintiffs Inter-Local Pension Fund of the Graphic Communications Conference of the International Brotherhood of Teamsters and Jean-Marc Daucourt are appointed Co-Lead Plaintiffs.  It is further

**ORDERED** that the law firms of Spector Roseman Kodroff & Willis, P.C. and Glancy Binkow & Goldberg LLP are appointed Co-Lead Counsel.  It is further

**ORDERED** that the Motion of Inter-Local Pension Fund of the Graphic Communications Conference of the International Brotherhood of Teamsters for Consolidation, Appointment as Lead Plaintiff and Approval of Choice of Lead Counsel [Docket No. 19] is DENIED as moot.

**ORDERED** that the Motion of Jean-Marc Daucourt for Consolidation of Related Actions, Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel and Liaison Counsel [Docket No. 23] is DENIED as moot.

DATED April 17, 2013.

BY THE COURT:

  s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge